ORDER IS


WITHDRAWN








IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,916-01






EX PARTE MAURICE HARTFIELD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2009CR2039 IN THE 437TH DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of 
intoxication assault and sentenced to fourteen years' imprisonment on each count. The Fourth Court
of Appeals dismissed his appeal. Hartfield v. State, No. 04-11-00050-CR (Tex. App.-San Antonio
March 16, 2011, no pet.).

 Applicant contends that there was a pre-indictment delay, that he was denied a speedy trial,
that no evidence was presented in his case, and that trial counsel were ineffective. The trial court
made findings of fact and conclusions of law and recommended that we dismiss or deny Applicant's
claims. We agree that Applicant's claims are without merit. But in the interests of justice, we have
reviewed the entire record and believe that Applicant might have received ineffective assistance of
counsel and multiple punishments for the same offense in violation of the Double Jeopardy Clause.
Strickland v. Washington, 466 U.S. 668 (1984); Brown v. Ohio, 432 U.S. 161 (1977); Ex parte Ervin,
991 S.W.2d 804 (Tex. Crim. App. 1999). Applicant was charged with one count of aggravated
assault and one count of intoxication assault, Tex. Pen. Code §§ 22.02, 49.07, and each count
alleged that he caused serious bodily injury to the identical complainant on or about January 1, 2008.
He was convicted, however, of two counts of intoxication assault. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order trial counsel to respond. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether trial
counsel were ineffective and Applicant received multiple punishments for a single offense in
violation of the Double Jeopardy Clause. The trial court shall also make findings and conclusions
as to what remedy, if any, is appropriate. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of these grounds.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 12, 2012

Do not publish



ORDER IS WITHDRAWN